UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HERNAN PAYAN-PAZ** | : | **CIVIL ACTION  NO 2:14-cv-2366** |
| BOP#83317-079 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a *pro se* petition for a writ of *habeas* corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Hernan Payan-Paz (hereinafter "Payan-Paz"), an inmate in the custody of the Federal Bureau of Prisons. He is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").  This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

For the reasons set forth below, it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

In 1986 Payan-Paz was convicted in a Texas state court of possession with intent to deliver a controlled substance.  Doc. 1, p. 5.  He states that he was initially sentenced to six (6) years of probation.  *Id.*  He further states that he was arrested on another drug charge in 1988 but that charge was later dismissed.  Doc. 1, pp. 5-6.  In November of 1998 Payan-Paz was charged with illegal re-entry into the United States.  Doc. 1, p. 5.  He entered a guilty plea, and on April 27,

1999, was sentenced to forty-eight months imprisonment by the Houston Division of the U.S. District Court for the Southern District of Texas. *Id.* While serving the above sentence, Payan-Paz was charged and pleaded guilty to conspiracy to possess with intent to distribute cocaine. *Id.* On September 11, 2000, he was sentenced in the Southern District of Texas to three hundred sixty months imprisonment. Doc. 4, p. 1; doc. 4, p. 1. He appealed his conviction, but the U.S. Fifth Circuit Court of Appeal affirmed. Doc. 1, p. 4; *United States v. Payan-Paz*, 31 Fed. Appx. 836 (5th Cir. 2002).

On July 22, 2014, Payan-Paz filed the instant *habeas* petition pursuant to 28 U.S.C. § 2241 claiming that his sentence was unfairly enhanced based on an allegedly unsubstantiated offense of possession of a firearm that was not charged in his indictment. Doc. 1, pp. 8, 10. Specifically, he claims that he is actually innocence of the 18 U.S.C. § 924(c) sentence enhancement and that said enhancement was thus erroneously applied in his case. Doc. 1, pp. 9, 13. Further, Payan-Paz contends that his 1988 and 1999 convictions were related and should not have been considered separate offenses to enhance his offense level and criminal history points. Doc. 1, pp. 16-19.

Payan-Pez asks this court to correct his criminal history score, and reduce his sentencing range pursuant thereto. Doc. 1, pp. 18, 19.

## II.
### LAW AND ANALYSIS

As an initial matter, we must determine whether Payan-Paz's claims are properly raised in a *habeas* petition under 28 U.S.C. § 2241. Generally a collateral attack on a federal criminal conviction is limited to a motion to correct, vacate, or set aside sentence under § 2255. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). An application for writ of *habeas corpus* brought under § 2241 may be properly

construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877, 878. The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001). A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of demonstrating the inadequacy or ineffectiveness of a remedy under § 2255 rests on the petitioner. *Jeffers,* 253 F.3d at 830.

A prisoner seeking such relief under the "savings clause" must establish: (1) that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time it should have been raised in his trial, appeal, or first motion under § 2255. *Reyes-Requena*, 243 F.3d at 904. Nonetheless, we recognize that a remedy under § 2255 is not necessarily inadequate or ineffective simply because a petitioner has previously been denied the same relief, is unable to meet the second or successive requirement, *Jeffers,* 253 F.3d at 830, or is barred from seeking it under the one-year limitations period. See *Pack v. Yusuff,* 218 F.3d 448, 452, 453 (5th Cir. 2000) (rejecting argument that procedural bar of one-year limitations in § 2255 rendered remedy inadequate).

Here, Payan-Pez collaterally attacks the legality of his conviction and sentence, not the manner in which his sentence is being executed. Accordingly, his claim is appropriately characterized as a motion to vacate pursuant to 28 U.S.C. § 2255. However, Payan-Pez contends that the remedy provided under § 2255 is inadequate or ineffective because the "equitable time limitation to file a collateral attack…was terminated." Doc. 4, p. 5. As previously noted,

however, § 2255 relief is not inadequate or ineffective because it is unavailable under the one-year limitations period. *Pack v. Yusuff*, 218 F.3d at 452-453.

Payan-Paz urges this court to apply the Supreme Court decisions in *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *United States v. Booker*, 543 U.S. 220 (2004), to his case. However, neither case provides the relief he seeks. The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). The Supreme Court has not declared *Descamps* to be retroactively applicable on collateral review.[1] Payan-Paz has also fails to show that the Supreme Court made *Booker* retroactively applicable to cases on collateral review. See *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (stating that *Booker* is not retroactively applicable to cases on collateral review).

Payan-Pez cites to several other Supreme Court cases in support of his claims, namely: *Buford v. U.S.*, 532 U.S. 59 (2001), *Holland v. U.S.*, 560 U.S. 59 (2010), *Arizona v. U.S.*, 555 U.S. 323 (2009), and *Shepard v. U.S.*, 544 U.S. 13 (2005), but his reliance on these cases is misplaced because they simply do not establish that he was convicted of a nonexistent offense.

Furthermore, the Fifth Circuit has consistently rejected claims attacking sentence enhancements under the savings clause. *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011). A claim of actual innocence of a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Id*. at 230; *see* also *Kinder v. Purdy,* 222 F.3d 209, 213, 214 (5th Cir. 2000) (claim of

---

[1] See *Randolph v. United States*, 2013 WL 5960881 (D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, 2013 WL 5636686 (N.D. Ala. Oct. 16, 2013) (noting the Supreme Court has not made *Descamps* retroactively applicable on collateral review); *Strickland v. English*, 2013 WL 4502302 (N.D. Fla. Aug. 22, 2013) (finding that "*Descamps* does not open the § 2241 portal" to review the claim under the savings clause).

actual innocence of a career-offender enhancement is not properly raised in § 2241 petition because petitioner is not claiming actual innocence of crime of conviction, only of the enhancement).

Therefore, we find it clear that Payan-Paz cannot rely on the savings clause of § 2255 to bring this petition under § 2241.

### III.
#### CONCLUSION

Since Payan-Paz has not met the savings clause requirements, his claims are not properly brought under § 2241, and we lack jurisdiction to consider his claims under § 2255.

Accordingly,

**IT IS RECOMMENDED** that the Payan-Paz's petition be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

THUS DONE this 20th day of April, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE